IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR. NO.  2:08cr66-WKW |
| ) | |
| BRADLEY STEPHEN HEDGES ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
APPEAL FROM ORDER OF DETENTION PENDING TRIAL**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and in accordance with the Court's Order dated June 23, 2008 (docket #42), now files this response to the motion filed by Defendant Bradley Stephen Hedges seeking a review of the Magistrate Judge's Order of Detention.

Background

On Friday, December 28, 2007, at approximately 10:33 a.m., the Colonial Bank located at 2914 Carter Hill Road, Montgomery, Alabama, 36106, was robbed of approximately $1,386.00. On or about March 14, 2008, a federal grand jury returned a two-count felony indictment charging Hedges and an alleged co-conspirator, Carl Raymond Kahler, with the bank robbery (18 U.S.C. § 2113(a)), and with conspiring to commit the bank robbery (18 U.S.C. § 371).

On March 26, 2008, Hedges made his initial appearance on a writ of habeas corpus ad prosequendum from the Montgomery County Jail, where he was still being held on related state charges. Because of his inability to make bond in the state, Hedges waived the issue of detention at his arraignment. When his circumstances changed, however, Hedges filed a motion for bond (docket #36), the Government countered with a

motion for detention (docket #38), and on June 12, 2008, the Court held a hearing before the Honorable Magistrate Judge Wallace Capel, Jr., to resolve the matter. During the hearing, the Government presented testimony from United States Pretrial Services Officer Terrence Marshall, who recommended that Hedges be detained pending trial.[1] At the conclusion of the hearing, Judge Capel entered an order of detention (docket #40), finding that Hedges would pose a danger to the community if released. Hedges now seeks revocation of that order. *See* 18 U.S.C. § 3145(b).

## Argument

This Court should affirm the order of the magistrate judge. The evidence adduced at the detention hearing showed that Hedges had previously been convicted of bank robbery in federal district court back in 2002 – a crime for which he was sentenced to serve 40 months imprisonment followed by 3 years supervised release. The evidence also showed that he conspired with his co-defendant to commit the bank robbery that is the subject of this case, and that in both robberies the tellers were threatened, either with a gun or with the threat of a gun. Finally, the evidence showed that Hedges attempted to elude police in a car chase immediately after the robbery, and that the co-defendant in this case, Kahler, has expressly implicated Hedges in the course of pleading guilty to his role in the crime. When matched against the factors outlined in 18 U.S.C. § 3142(g), there is clear and convincing evidence to support the magistrate judge's conclusion that Hedges cannot be released pending trial without compromising the safety of the community.

---

[1] Hedges did not present any evidence at the hearing.

This Court has the authority to affirm the detention order without the need for a second hearing:

> [B]ased solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct. The court may then explicitly adopt the magistrate's pretrial detention order. Adoption of the order obviates the need for the district court to prepare its own written findings of fact and statement of reasons supporting pretrial detention.

*United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). This is especially true where, as here, Hedges has not asserted any new grounds or additional evidence that should be considered by the Court in making its ruling. *Id.* at 495 (holding that the district court need not enter its own written findings unless it considers new evidence or finds that "the magistrate's underlying conclusions or factual findings are incorrect or unsupported by the evidence"). By contrast, if the Court were to hold a hearing on this issue, the Government would expect only to provide even more evidence and argument in support of a finding of dangerousness, including the fact that on January 7, 2008, Hedges provided the FBI with a full, Mirandized confession.

Wherefore, after a review of the record developed at the detention hearing, this Court should adopt the order of the magistrate judge and order Hedges to remain in the custody of the United States Marshal until his trial.

Respectfully submitted this the 26th day of June 2008.

          LEURA G. CANARY
          UNITED STATES ATTORNEY

          */s/ Nathan D. Stump*
          NATHAN D. STUMP
          Assistant United States Attorney
          131 Clayton Street

Montgomery, AL  36104-3429
Tel: (334) 223-7280
Fax: (334) 223-7560
Email: nathan.stump@usdoj.gov

**CERTIFICATE OF SERVICE**

      I, Nathan D. Stump, Assistant United States Attorney, hereby certify that on this the 26th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy upon all counsel of record, including Raymond J. Hawthorne, Esq., counsel for Defendant.

Respectfully submitted,

*/s/Nathan D. Stump*
NATHAN D. STUMP
131 Clayton Street
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: nathan.stump@usdoj.gov

4