IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.         ) | Case No. 2:08-cr-0066-WKW |
| ) | |
| BRADLEY STEPHEN HEDGES ) | |

### **ORDER**

Before the court is Defendant Hedges's appeal (Doc. # 41) of the magistrate judge's order (Doc. # 40) detaining him pending his trial pursuant to 18 U.S.C. § 3142(f). Among other things, a pretrial detention order must "include written findings of fact and a written statement of the reasons for the detention." *Id.* § 3142(i)(1). Hedges's sole argument on appeal is that the pretrial detention order "does not contain a statement of reasons for detention." (Doc. # 41.)

When a pretrial detention order is appealed, "the district court must conduct an independent review to determine whether the magistrate properly found that pretrial detention is necessary." *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). If the district court agrees with the magistrate judge's conclusion "that pretrial detention is necessary, yet finds . . . that certain of the magistrate's factual findings are not clearly supported, the court should so state in writing." *Id.* at 491. In such an instance, the district court must "enter its own findings in writing and a written statement of reasons supporting pretrial detention." *Id.*

In the pretrial detention order, the magistrate judge made findings of fact, including

that "[t]here is a serious risk that the defendant will endanger the safety of another person or the community." (Doc. # 41.) However, the portion of the order for a written statement of reasons for detention was left blank. (*See id.*) After reviewing the transcript of the detention hearing, the court agrees with the magistrate judge's order of detention, but finds the findings of fact are not clearly supported due to the omission of a statement of reasons. Therefore, this court will adopt the magistrate judge's pretrial detention order, but will supplement the order with its own statement of reasons.

A review of the bond hearing transcript provides a number of reasons for detaining Hedges's prior to trial. (Bond Hr'g Tr., June 12, 2008.) The defendant was previously convicted for a bank robbery in Georgia. (*Id.* at 6:5-8:19.) In the Georgia bank robbery, the defendant presented a note to the teller that he had a gun under his jacket. (*Id.*) While it appears that he did not actually have a gun under his jacket, he did admit to having one in his vehicle. (*Id.*) Hedges was also on probation at the time of the Georgia bank robbery. (*Id.* at 25:16-23.) Only nineteen months after serving his time for the first bank robbery and completing his supervised release period, the defendant was indicted for robbing another bank, which led to the present charges against him. Ultimately, as the magistrate judge noted in the hearing, there are "three times now where [the defendant has] committed crimes while on probation, and this would be his second crime of violence." (*Id.* at 25:24-26:2.)

Because the government presented clear and convincing evidence that the defendant constitutes a danger to the community through his repeated failures to abide by the law –

even while on probation – and repeated crimes of violence, it is ORDERED that the order of detention pending trial (Doc. # 40) is AFFIRMED as modified by the additional statement of reasons set forth above.

    DONE this 8th day of July, 2008.

                                    /s/  W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE