IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:08cr066-WKW |
| | ) | |
| BRADLEY STEPHEN HEDGES | ) | |

## PLEA AGREEMENT

**DEFENSE COUNSEL:**        RAYMOND J. HAWTHORNE

**ASSISTANT U.S. ATTORNEY:**        NATHAN D. STUMP

### COUNTS AND STATUTES CHARGED:

Count 1        18 USC § 371
               Conspiracy to Commit Bank Robbery

Count 2        18 USC §§ 2113(a) and 2
               Bank Robbery / Aiding and Abetting

### COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1        18 USC § 371
               Conspiracy to Commit Bank Robbery

Count 2        18 USC §§ 2113(a) and 2
               Bank Robbery / Aiding and Abetting

### PENALTIES BY COUNT - MAXIMUM PENALTY:

Count 1        A term of imprisonment not to exceed 5 years, a fine not to exceed $250,000, or both the fine and the imprisonment; a term of supervised release of no more than 3 years; an assessment fee of $100.00; and restitution to any victims of the offense.

Count 2        A term of imprisonment not to exceed 20 years, a fine not to exceed $250,000, or both the fine and the imprisonment; a term of supervised release of no more than 3 years; an assessment fee of $100.00; and restitution to any victims of the offense.

**ELEMENTS OF THE OFFENSE:**

To prove a violation of 18 U.S.C. § 371, the government must prove beyond a reasonable doubt:

(1) an agreement among two or more persons to achieve an unlawful objective;

(2) knowing and voluntary participation in the agreement; and

(3) an overt act by a conspirator in furtherance of the agreement."

*United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003).

To prove a violation of 18 U.S.C. § 2113(a), the government must prove beyond a reasonable doubt that the defendant aided and abetted another person in:

(1) taking by force and violence, or by intimidation;

(2) from the person or presence of another;

(3) money belonging to, or in the care, custody, control, management, or possession of any bank

(4) whose deposits were then insured by the Federal Deposit Insurance Corporation.

*See United States v. Kelley*, 412 F.3d 1240 (11th Cir. 2005).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

With the authorization of the defendant, the parties to this action have entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment. As a result of those discussions, the parties have reached a Plea Agreement. This Plea Agreement is being submitted to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and both the Government and the defendant understand that, in accordance with that Rule, if the Court should decide not to follow the terms of this Plea Agreement, the defendant will <u>not</u> have the right to withdraw his plea of guilty.

The specific terms of the Plea Agreement are as follows:

**GOVERNMENT'S PROVISIONS**

1.  The Government agrees to recommend at sentencing that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of

responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find that the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if the defendant otherwise qualifies, the Government agrees to move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met his obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

2. The Government agrees to recommend a sentence at the low end of the applicable Guidelines Range, as calculated by the Court, but only so long as the Court finds that the defendant falls within Criminal History Category I, II, or III.

3. The Government reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

4. The defendant agrees to plead guilty to Counts 1 and 2 of the Indictment.

5. The defendant further agrees not to commit any other federal, state, or local offense while awaiting sentencing. The determination of whether the defendant's conduct is a violation of this provision is at the complete discretion of the Government.

6. <u>Waiver of the Defendant's Right to Appeal or Collaterally Attack the Sentence.</u>

   a. *Defendant's Waiver.* By entering into this Plea Agreement, the defendant knowingly and voluntarily waives any and all of his rights under 18 U.S.C. § 3742 to appeal the sentence in this case. The defendant specifically waives his right to appeal the sentence on the

grounds that the Sentencing Guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the defendant, found by a jury, or found beyond a reasonable doubt. The defendant further expressly waives his right to appeal the conviction and sentence on any other ground, including any challenge to the reasonableness of the sentence, and waives the right to attack the sentence in any post-conviction proceeding.

  b. *Exceptions.* This waiver does not include (and the defendant expressly reserves) the right to appeal or collaterally attack the sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct. The defendant is released from this waiver if the Court applies an upward variance or departure, or if the Government files an appeal under 18 U.S.C. § 3742(b).

  c. *No Waiver by Government.* Nothing in this Plea Agreement affects the Government's right and/or duty to appeal the sentence imposed in the case, as set forth in 18 U.S.C. § 3742(b). Nor does the Government waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings.

## **FACTUAL BASIS**

7. The defendant admits the allegations charged in Counts 1 and 2 of the Indictment and understands that the nature of the charges to which the plea is offered involves proof of the following:

  a. As to Count 1, that the defendant committed the crime of **Conspiracy to Commit Bank Robbery** as follows:

> Beginning on or about December 25, 2007, and continuing until on or about December 28, 2007, in Phenix City, Alabama, and elsewhere, within the Middle District of Alabama, the defendant,

> BRADLEY STEPHEN HEDGES, conspired with his co-defendant, Carl Raymond Kahler, to take by force and intimidation from the person and presence of another money belonging to and in the care, custody, control, management, and possession of Colonial Bank, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a). In order to effect the object of the conspiracy, Kahler and HEDGES committed a number of overt acts, including but not limited to (1) driving from Phenix City, Alabama to Montgomery, Alabama; (2) writing out a demand note; (3) stealing and retaining approximately $1,300 from Colonial Bank; and (4) attempting to evade capture by law enforcement.

    b.    As to Count 2, that the defendant committed the crime of **Aiding and Abetting Bank Robbery** as follows:

> On or about December 28, 2007, in Montgomery County, within the Middle District of Alabama, the defendant, BRADLEY STEPHEN HEDGES, aided and abetted his co-defendant, Carl Raymond Kahler, in robbing the Colonial Bank located at 2914 Carter Hill Road, Montgomery, Alabama, of approximately $1,386.00. Specifically, the defendant drove Kahler from Phenix City, Alabama to Montgomery, Alabama to commit the robbery, provided Kahler with information about how to commit the robbery, helped Kahler destroy the demand note used during the robbery, and drove Kahler away from the scene of the robbery in an attempt to evade capture by law enforcement. The $1,386.00 stolen by Kahler and HEDGES – and which was taken from the person and presence of a bank teller, in response to force and intimidation exerted by Kahler – was money belonging to and in the care, custody, control, management, and possession of Colonial Bank, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation. All in violation of Title 18, United States Code, Sections 2113(a) and 2.

### DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

8.    After conferring with his attorney, and before entering a plea of guilty as to Counts 1 and 2, the defendant advises the Court that he understands the following to be true:

    a.    The defendant has the right to plead not guilty, the right to be tried by a jury, the right to the assistance of counsel at every stage of the proceedings, the right to confront and

cross-examine witnesses against him, the right to call witnesses on his behalf, and the right not to be compelled to incriminate himself. By entering a plea of guilty, the defendant waives all of those rights, and there will be no trial of any kind in this case.

      b.      In entering a plea of guilty herein, the Court may ask the defendant questions about the offenses to which the plea is entered. Evidence of a plea of guilty later withdrawn, an offer to plead guilty to the crime charged in the Indictment, or statements made in connection with and relevant to a guilty plea are not admissible in any civil or criminal proceedings against the defendant, except in a criminal proceeding for perjury or false statement, and only if the defendant makes a false statement under oath, on the court record, and in the presence of counsel.

      c.      The United States Probation Office will prepare for the Court a pre-sentence investigation report, in which the Probation Officer will recommend a sentence based upon the calculated offense level, the defendant's criminal history, as well as any relevant conduct related to the offense to which the plea is offered. <u>The offense level or criminal history category calculated by the Probation Officer and determined by the Court may differ from that projected by defendant's counsel or the Government.</u>

      d.      At sentencing, the Court will find by a preponderance of the evidence the facts used to determine the defendant's Guidelines offense level, criminal history category, and sentence. For that purpose, the Court may consider any reliable evidence, including hearsay.

      e.      The Government can only make a recommendation, which is not binding upon the Court, and if the Court does not accept the Government's recommendation, <u>the defendant will not be permitted to withdraw his plea</u>.

  f. In determining the particular sentence to impose, the Court will consider the United States Sentencing Guidelines, as well as all of the factors listed in Title 18, United States Code, Section 3553(a).

  g. There is no possibility of parole in the federal prison system, and the defendant will likely serve all or substantially all of his prison sentence.

  h. If the Court imposes a fine in this case, the defendant will be required to make an honest, good faith effort to pay the fine as directed by the Financial Litigation Section of the United States Attorney's Office. To that end, the defendant will meet with a member of the Financial Litigation Section on the day of sentencing and complete a written personal financial statement, setting forth the defendant's assets and liabilities as of the date of the offense. The defendant further understands that by completing the financial statement, he is representing that it is true and accurate to the best of his information, knowledge, and belief.

  i. Pursuant to 18 U.S.C. § 3013, the defendant will be ordered at sentencing to pay an assessment fee of $200.00, which will be due and payable to the Court immediately.

  j. This Plea Agreement is the result of prior discussions between the attorney for the Government and the attorneys for the defendant. Those discussions were all conducted with the defendant's authorization, knowledge, and consent.

  k. This Plea Agreement and the plea to be entered by the defendant as a result thereof are voluntary and are not the result of any force or threats, or of any promises apart from what has been expressly agreed upon in this Plea Agreement itself.

## REPRESENTATIONS OF THE PARTIES

9. The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to Rule 11, Federal Rules of Criminal Procedure, as Amended.

10. The attorney for the defendant represents to the Court that he has advised the defendant on all of the contents of this Plea Agreement, including specifically all of the provisions listed in Paragraph 8 herein, and that he is satisfied that the defendant adequately understands all of the contents of this Plea Agreement.

This 13th day of August, 2008.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

For Nathan D. Stump
Nathan D. Stump
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Tel: (334) 223-7280
Fax: (334) 223-7135
Email: nathan.stump@usdoj.gov

For Nathan D. Stump
Louis V. Franklin
Chief, Criminal Division

I have read the Plea Agreement, understand the same, and agree that it accurately states both the representations that have been made to me and the conditions of the agreement that has been reached. I am satisfied that my attorney, Raymond J. Hawthorne, Esq., has represented my interests in this matter competently and effectively. IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT.

BRADLEY STEPHEN HEDGES
Defendant

Date: 8-13-08

RAYMOND J. "CORKY" HAWTHORNE, Esq.
Attorney for the Defendant

Date: 8-13-08

8